# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **SIGFRID N. BRADSHAW,**<br><br>    Plaintiff,<br><br>v.<br><br>**LOUIS SMITH MEMORIAL HOSPITAL, CVB COLLECTIONS, and EQUIFAX CREDIT BUREAU,**<br><br>    Defendants. | Civil Action 7:11-CV-48 (HL) |

## ORDER

Pursuant to the Court's Order of April 25, 2011, Plaintiff has filed an Amended Complaint (Doc. 8) in this case. Since Plaintiff is proceeding in forma pauperis in this case, the Court will now conduct a review of the Amended Complaint as required by 28 U.S.C. § 1915(e).

The entire text of Plaintiff's Amended Complaint reads as follows:

> Louis Smith Hospital
> Et. All
> Case 7-11-CV-48(HL)
> 199,443
> Lawsuit Amount
> Overbilling Case
> Equifax Credit
> CBV Collections
> Hospital Bills
> Paying Same Bills
> Already Paid in Full

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss the Amended Complaint if it (1) is frivolous or malicious, (2) fails to state a claim for which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are

"clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). In order to state a claim for which relief may be granted, a plaintiff must present sufficient facts to demonstrate that the claim made is plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955 (2007). The Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

In making these determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Further, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a pro se plaintiff is not excused from compliance with the threshold requirements of the Federal Rules of Civil Procedure. Trawinski v. United Technologies, 313 F.3d 1295, 1297 (11th Cir. 2002).

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, and must be dismissed. Setting aside the fact that Plaintiff failed to establish this Court's jurisdiction over the case in the first place, Plaintiff has not included any factual allegations showing that his claims against Defendants are plausible. He has not alleged any facts demonstrating that he incurred medical bills at the hospital, that he paid the bills, or that

Defendants improperly attempted to seek payment of monies not due. Just stating "paying same bills already paid in full" does not "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S.Ct. at 1949.

When a complaint fails to state a claim for relief, a court may grant a plaintiff leave to amend subject to reasonable conditions and limitations. Garfield v. NDC Health Corp., 466 F.3d 1255, 1270 (11th Cir. 2006). A court need not allow an amendment when there has been undue delay, when allowing an amendment would cause undue prejudice to the opposing party, or when an amendment would be futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Based upon the utter lack of factual allegations presented, and the fact the Court already gave Plaintiff the chance to amend his complaint once, the Court finds that allowing another opportunity to amend would be futile.

Plaintiff's Amended Complaint (Doc. 8) is dismissed with prejudice. The Motion for Recusal (Doc. 7) is denied as moot. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at the address provided by Plaintiff. The Clerk of Court is also directed to make an entry on the record showing when this Order was mailed to Plaintiff.

**SO ORDERED**, this 2nd day of May, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh